(No. 1897— )

Roy L. Watson, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 15, 1935.*

Barr & Barr, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This claim was filed April 28, 1932, averring that the claimant, who is a practicing physician and surgeon in Joliet, Illinois, had been requested by a representative of the Department of Purchases and Construction, Division of Waterways of the State of Illinois, on or about April 18, 1929 to treat one James A. Gardner, who was at that time employed as a laborer by the same Department; that he did treat the said James A. Gardner for a vertical fracture through the right carpal semi lunar with slight separation, and that $125.00 is the usual customary fee for this service.

The Attorney General moved to dismiss this case.

It appears from the evidence that Dr. Watson had submitted a bill to the assistant director of this Department on

November 27, 1931, for his services in the sum of $75.00. Dr. Watson's testimony is to the effect that he was requested on or about April 18, 1929 by a representative of the Department of Purchases and Construction to treat Gardner. That Dr. Watson did perform the services for James A. Gardner is not denied. He did not recall what foreman sent Gardner to him and someone told him to send the bill to the State. This conversation was had over the telephone.

We held in the case of *James A. Gardner* vs. *The State of Illinois,* No. 2052, that Gardner was barred from recovering from the State of Illinois, because he was not in the employ of the State at the time he received his injuries, according to his own testimony.

It is the universal rule that before a plaintiff is entitled to recover damages in any court he must prove his case by greater weight or preponderance of the evidence. The claimant in this case does not attempt to fix the identity of the alleged employees of the State who hired him to take care of Gardner. It is not shown that this employee of the State had any power or authority to hire him. One dealing with an agent is bound to know the extent of authority that that agent has to bind his principal.

Claim will, therefore, be denied.